## BENJAMIN E. SNIPES, Appellant, v. JOSEPH BEEZLEY, Respondent.

JUDGMENT—WHEN SATISFIED, WHAT FURTHER PROCEEDINGS CAN BE HAD.—
   When a judgment has been satisfied, the clerk has no authority to make a further entry of judgment in the case, or to issue execution, until such satisfaction is canceled or set aside in a proper proceeding, in the court where the judgment was rendered.

APPEAL from Wasco County.

The facts are stated in the opinion of the Court.

*Thayer & Williams*, for Appellant.

*N. H. Gates*, for Respondent.

By the Court, BURNETT, J.:

On the 28th day of November, 1874, the appellant filed a complaint in equity, in the court below, praying for an injunction restraining the sale of certain of his real property upon an execution issued by the clerk of the Circuit Court for Wasco County, for the collection of certain disbursements taxed by said clerk in favor of the respondent herein

and against the appellant. The respondent interposed a demurrer to said complaint, upon the ground that it did not state facts sufficient to constitute a cause of suit. The cause came on for hearing upon said demurrer, at the June term, 1875, of the Circuit Court, and, after argument of counsel for the respective parties, the court sustained the demurrer and dismissed the complaint, from which ruling the case comes into this Court.

It appears from the complaint that the respondent, on the 18th day of June, 1873, recovered a judgment, in the Circuit Court for Wasco County, against the appellant, for the sum of twenty-one dollars and seventy-five cents and costs and disbursements to be taxed; that on the 28th day of the same month, judgment was entered, and docketed, for twenty-one dollars and seventy-five cents, and for twenty-three dollars and fifty-three cents costs; that on the 8th day of July, 1873, the appellant paid said judgment and costs in full, and the respondent receipted the docket; that on the 21st day of November, 1873, an additional cost bill was filed and another entry made, in the lien docket, of judgment against the appellant, for the same, as follows: "Sixty-eight dollars and forty-eight cents additional cost bill, filed November 21, 1873;" that said additional cost bill was filed and such entry made in vacation without any order of the court, and that the execution aforesaid was issued upon such entry and to collect said sum. The Code provides (Civ. Code § 545) that "the costs and disbursements, which a party is entitled to recover from another, may be collected by the execution to enforce the judgment or decree as a part thereof." It would seem to be fairly inferred that if the judgment be already satisfied, no execution can legally issue thereon. It appears that the judgment obtained by the respondent, against the appellant, on the 28th day of June, 1873, was fully paid and satisfied, and receipted by the respondent on the 8th day of the following month. If there had been no costs taxed at that time—the five days, in which the prevailing party is allowed to tax his costs and disbursements, having expired, without notice—the presumption would be that he had waived his right to tax

them.  But more than half of the amount paid by the appellant was for costs.  More than four months after the payment of said judgment and costs, the respondent filed an additional cost bill in said cause, and the clerk, without any authority of law, undertook to enter a judgment in the lien docket against the appellant for the amount of the additional bill and to issue an execution thereon.

It was admitted on the argument of the case, that the costs were only an incident of the judgment.  If so, when the judgment was fully paid and satisfied, there was no authority to issue an execution thereon until that satisfaction was set aside or canceled, in a proper proceeding in the court where it was entered.    In the case of *Schemerhorn* v. *Van Voast* (5 How. Pr. R. 480), in which a motion was made to readjust the costs, it was said: "This motion may be regarded as a motion for a new trial, as respects the costs; but a new trial is not to be granted because the party who asks for it neglected to bring forward all the evidence in his power to support his claim."  *  *  *  *  Again, suppose a jury erroneously reject one half the items of the plaintiff's account, he enters up judgment on the verdict and receives payment, it will then be too late for him to move for a new trial.  He should have done it before he entered judgment on the verdict.  So in this case, after the plaintiff knew how the clerk had adjusted the costs, if he then intended to move to have the costs readjusted, he should not have entered judgment for them as adjusted, and received payment of the judgment."

In the case at bar, if. the respondent had intended to object to the taxation of costs made by the clerk on the 28th day of June, 1873, he should not have accepted the amount paid, and satisfied the judgment.  By so doing, he virtually admitted that the amount of the judgment, as well as the amount of the costs taxed, was correct, and placed it beyond the power of the clerk. to issue an execution upon that judgment.

The judgment of the court below must be reversed, and the cause remanded.